# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### 3:07-cr-61-FDW-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| EMMANUEL ELLIS KELLER, ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion to Supplement the Record on Appeal (Doc. No. 493) with various emails regarding the plea agreement and sentencing.

On October 5, 2007, Defendant pled guilty to violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B), (C), (D), and 846. Following his plea, Defendant was sentenced to 293 months' imprisonment. Defendant now seeks to supplement the record on appeal with materials allegedly demonstrating that the prosecution did not abide by various stipulations of the plea agreement.

Federal Rule of Appellate Procedure 10(e) allows for correction or modification of the record in two instances: (1) when there is a dispute over whether the record reflects what occurred in the district court, and (2) when material is omitted or misstated by error or accident. Defendant takes neither of these positions. Instead, Defendant simply wants to present new evidence not considered by this Court. Case law from across the circuit courts is uniform in rejecting this type of supplementation. See United States v. Elizalde-Adame, 262 F.3d 637, 641 (7th Cir. 2001) (Rule 10(e) does not "enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment"); Shooting Star Ranch, LLC v. United States, 230 F.3d 1176, 1177 n.2 (10th Cir. 2000) (holding that Rule 10(e) allows supplementation of the record when material

evidence is omitted by error or accident); United States v. Alcantar, 83 F.3d 185, 191 (7th Cir. 1996) (stating that materials not before the district court cannot be added to the record on appeal); Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1423 (10th Cir. 1992) (court denied motion to supplement the record on appeal with documents that were never before the district court); Selland v. United States, 966 F.2d 346, 347 (8th Cir. 1992) ("The general rule is that an appellate court will not enlarge the record to include materials not presented to the district court."); Belber v. Lipson, 905 F.2d 549, 551 n.1 (1st Cir. 1990) ("A 10(e) motion is designed to only supplement the record on appeal so that it accurately reflects what occurred before the district court. It is not a procedure for putting additional information, no matter how relevant, before the court of appeals that was not before the district court."); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3rd Cir. 1986) (holding that Rule 10(e) does not allow the district court to add to the record on appeal matters that did not occur in the district court); Anthony v. United States, 667 F.2d 870, 875 (10th Cir. 1981) (Rule 10(e) "does not grant a license to build a new record"); Drexel v. Union Prescription Centers, Inc., 582 F.2d 781, 784 n.4 (3rd Cir. 1978) ("It is hornbook law that [the appellate] court generally cannot consider evidence which was not before the court below."); see also Miro v. Plumbers and Pipefitters National Pension Fund, No. 01CV5196, 2002 WL 31357702, at *1 (S.D.N.Y. Oct. 17, 2002) ("Pursuant to Rule 10(e), the moving party must demonstrate that the evidence to be supplemented was before the lower court in the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record.").

    Defendant seeks to add materials to the record on appeal that were not presented before this Court. Defendant's Motion is therefore DENIED.

    IT IS SO ORDERED.

Signed: June 24, 2009

Frank D. Whitney
United States District Judge