**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cr61-2**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| EMMANUEL ELLIS KELLER, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's "Motion for Assignment to a Different Judge for Re-Sentencing." While no response was required as the motion is not dispositive, none was filed within the time otherwise allowed. L.Cr.R. 47.1(E).

On remand from the Court of Appeals for the Fourth Circuit, defendant moves for reassignment of this matter from Honorable Frank D. Whitney, United States District Judge, for purposes of re-sentencing in light of the appellate court's reference to <u>Santobello v. New York</u>, 404 U.S. 257 (1971). See <u>United States v. Keller</u>, No. 09-4026, at p. 5 (4th Cir. April 11, 2011). Specifically, the appellate court found as follows:

> Despite reassurances to the contrary, the AUSA specifically advocated for application of the enhancements when he commented in detail on the strength of evidence supporting the enhancements. We accordingly conclude that the Government breached the plea agreement. That the breach may have occurred while complying with the court's directive for presentation of corroborating evidence does not lessen its impact. *Santobello*, 404 U.S. at 262.

<u>Id.</u> The clear language of such decision suggests that the breach of the plea agreement was not caused by the court's direction that evidence be presented in support of presentence services' suggestion that an enhancement should be applied, but when the AUSA

"commented in detail on the strength of evidence supporting the enhancements." Id. The remand came with no instructions directing or even suggesting re-assignment to another judge.

Recognizing the lack of any such suggestion, defendant instead argues that it would be impossible for the judge who originally sentenced him to purge from his memory the arguments made by the government as to the strength of the evidence supporting an enhancement. This court disagrees with the premise of such argument as district judges are routinely called upon to cull improper arguments. Further, district court judges routinely instruct jurors to disregard improper evidence and arguments. The court finds, however, that there is no need to reach the issue as the case has been reassigned to the undersigned for re-sentencing due to the sentencing judge's temporary absence. The motion will be denied as moot and the Clerk instructed to set this matter on for re-sentencing during the next available sentencing day.

To avoid unnecessary costs associated with a new presentation of evidence, counsel for the respective parties shall submit to the court a copy of the transcript of the sentencing proceeding. In an abundance of caution, the court will direct counsel for the parties to meet and jointly redact any comments made by the AUSA as to the strength of that evidence, any comments of the court as to the strength of the evidence, and any responsive comments from defense counsel that may allude to the comments of the court or government. Inasmuch as this court has not reviewed any transcripts in the file – and will not do so until presented with the redacted transcript – the parties should also confer on which, if any, physical exhibits need to be resubmitted to the court. As arguments *against* enhancements do not appear to be prohibited by the plea agreement, counsel for defendant may wish to redact any of its responsive arguments from the transcript (which could reveal the strengths argued by

the government) and present his arguments against application of any enhancement anew at re-sentencing.

Finally, review of the docket of the entire case reveals that a number of defendants have been sentenced in this matter. In re-sentencing, the court has a duty under 18, United States Code, Section 3553 to be certain, among other things, that the sentence avoid unwarranted disparity. 18 U.S.C. § 3553(a)(6). To that end, the Presentence Officer will be directed to prepare a chart of defendants in this case listing their criminal history categories, their offense levels, and the sentences imposed.

Any objections to the above procedure or suggestions of other alternative procedures must be made within 14 days of issuance of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) defendant's Motion for Assignment to a Different Judge for Re-Sentencing (#544) is **DENIED** as moot;

(2) the Clerk of this Court is respectfully directed to schedule this matter for re-sentencing during the next available sentencing date; and

(3) counsel for the respective parties are directed to meet and jointly redact the sentencing transcript as herein instructed, well in advance of the -re-sentencing hearing, and to submit that redacted transcript through ECF; and

(4) the Presentence Officer is respectfully directed prepare a sentencing chart as instructed above and submit it as a supplement to the final presentence report.

Signed: August 9, 2011

Max O. Cogburn Jr.
United States District Judge